CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BYRON ROSERO, on behalf of himself,
and others similarly situated,

Case No.: 18 CV 3145

COMPLAINT IN AN
FLSA ACTION

                    Plaintiff,

        -against-

ECF Case

COSMOPOLITAN INTERIOR NY CORPORATION,
JLM DECORATING NYC INC.,
JLM DECORATING, INC.,
and MOSHE GOLD, individually,

                    Defendants.

---

Plaintiff, **Byron Rosero** ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., JLM Decorating, Inc., and Moshe Gold, individually, (collectively, the "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is are entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages and statutory penalties, pursuant to the New York Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff is an adult resident of Queens County, New York.

6.     Upon information and belief, Defendant, Cosmopolitan Interior NY Corporation, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 315 West 39th Street, New York, New York 10018.

7.     Upon information and belief, Defendant, JLM Decorating NYC, Inc. is a business entity organized and existing under the laws of the State of New York, with a principal place of business at 199 Lee Avenue, Brooklyn, New York 11211.

2

8.      Upon information and belief, Defendant, JLM Decorating, Inc. is a business entity organized and existing under the laws of the State of New York, with a principal place of business at 26 Heyward Street, Brooklyn, New York 11249.

9.      Upon information and belief, Defendant, Moshe Gold, is an owner, officer, director and/or managing agent of the corporate defendants, whose address is unknown at this time, and who participated in the day-to-day operations of the corporate defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

10.     To the extent Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., and JLM Decorating, Inc. are separate corporations, each engage in related activities, namely, they operate general contracting companies performing renovations and related work in New York City, which shared Plaintiff and other similarly situated employees.

11.     The corporate defendants shared Plaintiff and other similarly situated employees, acted in the interest of each other with respect to the employees, paid their employees by the same method, shared control over the employees, and are themselves under common control and management.

12.     The corporations are owned, operated, and controlled by the same owner, or owner group, and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each is operationally

3

interdependent of each other and, therefore, may be treated as a single enterprise or employer.

13.     The performance of Plaintiff's job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

14.     The corporate defendants share a common commercial business purpose, namely, general contracting and construction.

15.     Upon information and belief, an arrangement existed between the corporate defendants whereby each entity agreed to share the services of Plaintiff and other similarly situated employees.

16.     Upon information and belief, the corporate defendants, namely, Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., and JLM Decorating, Inc., shared control of Plaintiff.

17.     Plaintiff, Byron Rosero, was employed by Defendants, in New York County, New York, to work as a driver / delivery person, transporting materials to job sites in New York City, from in or around April 2008, through April 2018.

18.     At all relevant times, Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., and JLM Decorating, Inc. were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

19.     At all relevant times, the work performed by Plaintiff was directly essential to the businesses operated by Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., and JLM Decorating, Inc., respectively.

4

20.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully overtime compensation, in contravention of the FLSA and New York Labor Law.

21.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

22.     In or around April 2008, Plaintiff, Byron Rosero, was hired by Defendants to work as a driver / delivery person and  assistant at Defendants' interior renovation / general contracting company, with an office location at 315 West 39th Street, New York, New York 10018.

23.     Plaintiff, Byron Rosero, worked for the Defendants continuously, through April, 2018.

24.     Plaintiff was called upon to do deliveries for to work sites staffed by all three corporate defendants, Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., and JLM Decorating, Inc.

25.     During Plaintiff's employment by Defendants, he worked well over forty (40) hours per week. Plaintiff generally worked between forty-five (45) and sixty (60) hours per week.

26.     Plaintiff was not paid overtime wages at anytime during his employment. During the last six (6) years of his employment, Plaintiff was paid an hourly wage ranging from $17.00 per hour to $20.50 per hour. He was paid by check, at the same regular rate of pay ("straight time"), for all hours worked, every week.

27.     Plaintiff's work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay, as required by state and federal law.

28.     Although Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., and JLM Decorating, Inc. operate separate companies, the corporate defendants are a single enterprise, utilizing the Plaintiffs and other similarly situated employees in a fungible and interchangeable manner.

29.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

30.     Defendant, Moshe Gold, is an individual who, upon information and belief, owns the stock of Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., and JLM Decorating, Inc., owns Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., and JLM Decorating, Inc., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

31.     Defendant Moshe Gold exercised control over the terms and conditions of Plaintiffs' employment in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain wage and hour records.

32.    Defendant Moshe Gold actively supervised the work of the Plaintiff and other similarly situated employees.

33.    The corporate defendants, Cosmopolitan Interior NY Corporation, JLM Decorating NYC Inc., and JLM Decorating, Inc., are each "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

34.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "33" of this Complaint as if fully set forth herein.

35.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36.    At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

37.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

7

38.     Plaintiff was entitled to be paid at the rate of time and one-half his regular rate of pay, for all hours worked in excess forty (40).

39.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

40.     At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate at statutory overtime rate of time and one-half, for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff and other similarly situated employees.

42.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

43.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

44.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

45.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

46.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

48.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay overtime compensation at rates of not less than one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

49.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages, reasonable attorneys' fees, costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.  Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

50.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "49" of this Complaint as if fully set forth herein.

51.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

52.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

9

53.     Defendants failed to notify Plaintiff of his rate of pay and his regularly designated payday, and the manner and method of calculating his overtime pay, in contravention of New York Labor Law § 195(1), as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Byron Rosero, on behalf of himself and all similarly situated employees, respectfully request that this Court grant the following relief:

(a)     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)     An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay overtime compensation, and comply with notice requirements, pursuant to the New York Labor Law;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       April 10, 2018

Respectfully submitted,

By: _____

        Peter H. Cooper  (PHC 4714)
        CILENTI & COOPER, PLLC
        **Attorneys for Plaintiff**
        708 Third Avenue – 6th Floor
        New York, NY 10017
        Telephone  (212) 209-3933