# SETTLEMENT AGREEMENT

This Agreement and Release ("Agreement"), dated February 12, 2019, sets forth the mutual understanding between Byron Rosero ("Rosero" or "Plaintiff") and Cosmopolitan Interior NY Corporation ("Cosmopolitan Interior"), JLM Decorating NYC Inc. ("JLM Decorating NYC", JLM Decorating, Inc. ("JLM Decorating"), and Moshe Gold ("Gold") (collectively hereinafter "Defendants") regarding Plaintiff's employment with Defendants and the settlement of the claims he has or may have against Defendants.

**WHEREAS**, Plaintiff has filed a case against Defendants in the United States District Court, Southern District of New York, entitled *Byron Rosero v. Cosmopolitan Interior NY Corporation, et. al.*, Case No.: 18-cv-3145 (VEC) (the "Action");

**WHEREAS,** Defendants have denied all claims alleged in the Action;

**WHEREAS,** the parties mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth; and

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Plaintiff and Defendants, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Plaintiff's Commitments.** In exchange for the promises set forth in paragraph "3" below, Plaintiff agrees to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act, New York Labor Law, and New York State Wage Theft Prevention Act that Plaintiff has or may have in the future through the date of execution of this Agreement.

2. **Limited Release of All Fair Labor Standards Act Claims by Plaintiff.**

    (a) <u>Release of Fair Labor Standards Acts Claims</u>. Plaintiff, on behalf of himself and his successors, assigns, heirs, executors, and administrators, knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA"), which Plaintiff has or may have against Defendants, and also covenants not to file any claim or suit alleging a violation of the FLSA, and also covenants not to file any claim or suit alleging a violation of the FLSA based on facts that predate the date of this Agreement.

    (b) <u>Collective/Class Action Waiver</u>. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on a wage-and-hour claim in which Defendants are a party. In the event any wage-and-hour class or collective action is brought against Defendants, which includes or may include Plaintiff, upon learning of Plaintiff's

1

inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery based on facts that predate the date of this Agreement.

(c) Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to his released claims. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

3. **Consideration.**

(a) In exchange for the promises made herein by Plaintiff and subject to the United States District Court for the Southern District of New York's (the "Court") approval of this Agreement, Cosmopolitan Interior NY Corporation agrees to pay to Plaintiff the gross total sum of Seventy Thousand Dollars ($70,000.00) (the "Settlement Funds"). The breakdown of the Settlement Funds shall be: $46,167 to Byron Rosero, and $23,833 to Cilenti & Cooper, PLLC. The Settlement Funds shall be paid as follows:

(b) An initial installment of Twenty Thousand Dollars ($20,000) shall be delivered to Cilenti & Cooper, PLLC, payable to "Cilenti & Cooper, PLLC, as attorneys", within five (5) business days after court approval of the settlement. Cilenti & Cooper, PLLC shall be solely responsible for distributing fees and costs ($6,809), and plaintiff's share ($13,191) from the initial payment.

(c) The remaining portion of the Settlement Funds shall be paid in ten (10) monthly installments of Five Thousand Dollars ($5,000) each, the first such installment to be paid on or before February 1, 2019. Each subsequent installment shall be paid by the $1^{th}$ day of each month. Plaintiff's share of each subsequent installment shall be $3,297.60 and Cilenti & Cooper, PLLC shall receive $1,702.40. Cilenti & Cooper, PLLC shall be responsible for distributing fees and costs ($1,702.40), and plaintiff's share ($3,297.60) from the subsequent payments.

(d) The Settlement Funds shall be paid to Cilenti & Cooper, PLLC, to the attention of Peter H. Cooper, Esq., 708 Third Avenue, 6th Floor, New York, New York 10017, and disbursed to Plaintiff.

(e) Defendants shall issue a Form 1099 to Cilenti & Cooper, PLLC, to the attention of Peter H. Cooper, Esq., 708 Third Avenue, 6th Floor, New York, New York 10017; plaintiff and Cilenti & Cooper, PLLC shall be solely responsible for payment of any taxes due on the monies they shall receive and shall indemnify and hold harmless the defendant from any tax liability incurred by reason of said payments.

4. **Claims Not Released by Plaintiff.** Plaintiff is not waiving any rights he may have to: (a) pursue claims which by law cannot be waived by signing this Agreement; and/or (b) enforce this Agreement.

2

5. **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, that Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies (and all monies paid hereunder shall be a set-off against any relief or recovery).

6. **Settlement Approval.** Plaintiff shall file a motion seeking the Court's approval of this Agreement. This Agreement is contingent upon the Court's approval of this settlement Agreement and dismissal of all of Plaintiff's claims, with prejudice.

7. **Default.** In the event the Defendants default in payment of any of the Settlement Funds as set forth in Paragraph 3, then Plaintiff, after a written notice of such default to Defendants' attorneys, and such default not being cured within a ten (10) business day period, which period shall begin to run upon the mailing, by certified mail, and emailing of such notice to Defendants' counsel, whichever comes first, Plaintiff shall be entitled to apply for a default judgment before the United States District Court for the Southern District of New York against any and all Defendants without further notice for the accelerated amount of Seventy Thousand Dollars ($70,000), which sum represents the full amount of the settlement herein, minus any payments made by Defendants until the date of default. Furthermore, in the event of default, Plaintiff will be entitled to seek reasonable attorney's fees, costs, and costs of collection.

8. **Non-Admission of Wrongdoing.** Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Defendants. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with the Fair Labor Standards Act.

9. **No Other Entitlement.**

Plaintiff further affirms that he has no known workplace injury or occupational disease for which a claim for workers' compensation benefits could be made or an award of benefits could be issued against Defendants.

10. **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

11. **No Waiver**. Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

12. **Section Headings**. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

13. **Entire Agreement**.

(a) This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA that Plaintiff has or may assert against Defendants and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

(b) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(c) Plaintiff acknowledges that he has not relied on any representation, promise, or agreement of any kind made to him in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

(d) This Agreement supersedes all prior agreements between the parties and causes all prior agreements to be null and void.

14. **Competence to Waive Claims**. Plaintiff is competent to affect a knowing and voluntary release of all of his FLSA claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair his right to settle his FLSA claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiff.

15. **Representations**. Plaintiff understands and agree that he has been advised to consult with an attorney before signing this Agreement.

16. **Execution**.

(a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, Cilenti & Cooper, PLLC. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Defendants under the FLSA. Plaintiff selected his counsel voluntarily;

(b) Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement; and,

(c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed electronic copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer to execute, this Agreement on the dates set forth below.

[signature page follows]

PLAINTIFF:

_____
Byron Rosero
Dated: February 8, 2019

DEFENDANTS:

_____
Cosmopolitan Interior NY Corporation
Dated: February __, 2019

_____
JLM Decorating NYC Inc.
Dated: February 19, 2019

_____
JLM Decorating, Inc.
Dated: February 19, 2019

_____
Moshe Gold
Dated: February 19, 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

BYRON ROSERO, on behalf of
himself and others similarly situated,                18-CV-3145 (VEC)

           Plaintiff,

                                          STIPULATION OF DISCONTINUANCE

    v.

COSMOPOLITAN INTERIOR NY
CORPORATION, JLM DECORATING NYC INC.,
JLM DECORATING INC., and
MOSHE GOLD, individually

           Defendants.
-----------------------------------------------------------X

       IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs to any party against any other, with the court retaining jurisdiction only to enforce the terms of the parties' settlement. This Stipulation may be filed with the Court without further notice to any party.

Dated: Lake Success, New York
       February 11, 2019

_____        _____
Peter H. Cooper, Esq.                              Joseph Labuda, Esq.
CILENTI & COOPER, PLLC               Brett Joseph, Esq.
708 Third Avenue – 6th Floor            Milman Labuda Law Group, PLLC
New York, New York 10017              3000 Marcus Avenue, Ste. 3W8
*Attorneys for Plaintiff*                       Lake Success, NY 11042
                                                    *Attorney for Defendants*

                                                    SO ORDERED:

                                                    _____
                                                    VALERIE E. CAPRONI
                                                    UNITED STATES DISTRICT JUDGE